IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH RAGANS,

    Plaintiff,

vs.                                          Case No. 4:10cv220-RH/WCS

WALTER A. MCNEIL, et al.,

    Defendants.

                           /

## O R D E R

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on May 28, 2010. Doc. 1. Plaintiff has paid the assessed initial partial filing fee, doc. 6, and the complaint has now been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint does not use numbered paragraphs to set forth the statement of facts. Doc. 1. Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In its present form, the complaint could not be appropriately responded to by the Defendants. Plaintiff must file an

amended complaint in which he sets forth each factual allegation in a separately numbered paragraph as it is essential that the facts related to each Defendant be set out clearly and in detail.

While Plaintiff may complain that policies and procedures were not followed at the Correctional Institution where Plaintiff was housed, Plaintiff may not seek to hold the Secretary of the Department of Corrections liable for that failure. It is only where the policies created by the Secretary were followed which caused Plaintiff injury could he seek relief from the Secretary. In this case, however, Plaintiff contends that the policies were not followed. Therefore, Plaintiff does not have a viable complaint against the Secretary. On the other hand, Plaintiff may retain his claims against the Warden of that Institution if Plaintiff contends that Defendant knowingly allowed policies to be violated which created an unsafe or otherwise unlawful constitutional injury to Plaintiff.

Plaintiff is advised that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others. The doctrine of *respondeat superior* does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Naming as Defendants those individuals who are merely responsible for the safety of inmates, in general, or even the safety of the inmates at a particular institution, without more, does not state a viable claim for relief. Although personal participation is not specifically required for liability under § l983, there must be some causal connection

between each defendant named and the injury allegedly sustained. Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995), *citing* Rivas and Zatler; Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). One cannot be held liable for the actions or omissions of others but can only be held responsible if he participated in the deprivation of a plaintiff's constitutional rights. Alternatively, a plaintiff must show that the defendant promulgated a policy or other directive that resulted in such deprivation. Plaintiff has not stated any specific facts for any Defendant which provide a causal connection to Plaintiff's alleged injury.

Plaintiff should be aware that the Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Plaintiff has not alleged more than negligence by state officials.

Deliberate indifference to the serious medical needs of prisoners states a valid constitutional claim. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)(holding that such a claim by a prisoner convicted of a crime violates the Eighth Amendment's prohibition of cruel and unusual punishment). The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference. *Id.* There are four requirements to bringing an Eighth Amendment claim for the denial of

medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eleventh Circuit has recognized that "[g]rossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), *citing* Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). However, medical malpractice does not constitute deliberate indifference, Estelle, 429 U.S. at 106, 97 S. Ct. at 292, "[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), *citing* Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). A complaint that more treatment or tests should have been provided has been rejected as a basis for liability. Estelle, 429 U.S. at 107, 97 S. Ct. at 293.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.

In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). If Plaintiff cannot state exactly how a particular Defendant harmed him, Plaintiff should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they are disregarded. N.D. Fla. Loc. R. 15.1. The amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form so that Plaintiff can file the amended complaint as explained above.

2. Plaintiff shall have until **August 13, 2010**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

4. Plaintiff shall immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from custody.

5.  The Clerk of Court shall return this file to me upon receipt of Plaintiff's amended complaint or no later than August 13, 2010.

**DONE AND ORDERED** on July 13, 2010.

      **s/ William C. Sherrill, Jr.**
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**