# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KEITH RAGANS,

    Plaintiff,

vs.                                        Case No. 4:10cv220-RH/WCS

WALTER A. McNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a motion for a preliminary injunction, doc. 13, and a motion requesting appointment of counsel, doc. 12. I deferred ruling on the motion because Plaintiff had been ordered to show good cause for failing to honestly disclose all prior cases and to explain why he apparently provided misleading answers to questions on the civil rights complaint form. *See* doc. 11. Plaintiff has had a considerable amount of time to respond to the order to show cause, and his October 22, 2010, response has been considered. Doc. 17.

Plaintiff has explained that he was ignorant and had no idea that he could face dismissal. Doc. 17. Plaintiff states that he could not remember cases from so far back.

*Id.* While it is understandable that it might be difficult to remember all cases filed from as far back as ten to twenty years ago, Plaintiff has more than three "strikes" under 28 U.S.C. § 1915(g). Plaintiff was granted *in forma pauperis* status in this case, doc. 4, because those cases were not acknowledged and this information was unknown at that time.

The order to show cause noted that questions C and D of the complaint form asks about other cases Plaintiff filed concerning the conditions of his confinement and whether any such cases had ever been dismissed as frivolous, malicious, failing to state a claim, or prior to service. Doc. 10, p. 5. Plaintiff responded to Question C and Question D with nearly identical information, stating he had filed a case against Harry K. Singletary in the Middle District in the "early 90's" and stated the judge and case number were unknown. Plaintiff said he could not recall the facts or claims, suggesting it concerned a previous prison commitment, but stated the reason for dismissal was "deemed frivolous and or dismissed." *Id.* Plaintiff's responses to those questions suggests that Plaintiff filed only one case in the Middle District against Harry Singletary many years ago. Those responses are wrong.

Plaintiff previously filed one civil rights case in the Middle District of Florida. Case 8:07cv600 was filed in the Tampa division by Plaintiff Keith M. Ragans on April 9, 2007, against nine Defendants. It was dismissed on April 20, 2007, as lacking merit, and then Plaintiff filed an appeal which was dismissed as frivolous. Those two dismissals count as two "strikes" under the Prison Litigation Reform Act. Notably, that Middle District case was not filed in the 1990s, and was not against Harry Singletary, as Plaintiff alleged in the amended complaint, doc. 10, as noted above.

Plaintiff filed five cases in this District, however, in the 1990s: cases 5:98cv266, 5:97cv340, 3:97cv372, 3:97cv381, and 5:95cv50129. Case 5:97cv340 was dismissed on September 21, 1998, based on Plaintiff's failure to honestly disclose his prior litigation. The report and recommendation entered in that case (5:97cv340) by Magistrate Judge Susan Novotny specifically identified the fact that Plaintiff had filed cases 3:97cv372 and 3:97cv381, which he did not disclose, but found Plaintiff had disclosed case 95-50129. That case counts as a dismissal under § 1915(g) and is a third "strike" against Plaintiff.

That is not Plaintiff's final strike though. Plaintiff's case 5:98cv266 was dismissed in this court on February 4, 1999 as an abuse of the judicial process. Again, the report and recommendation in that case makes clear that Plaintiff again failed to acknowledge his prior cases and dismissals. That case was dismissed under § 1915(e)(2)(B)(i) and is another "strike."

In case 3:97cv381, Plaintiff's complaint was dismissed on September 3, 1998, for failure to state a claim under § 1915(e)(2)(B)(ii). That is another strike under § 1915(g).

Plaintiff filed case 5:95cv50129 in this District on May 10, 1995. Doc. 1. That case was served and litigated for nearly three years. Ultimately, summary judgment was granted in Defendants' favor and the case dismissed on April 24, 1998. Doc. 30.

It would be understandable to overlook Plaintiff's failure to acknowledge one case he filed in the 1990s. Yet that is not the state of Plaintiff's affairs. Plaintiff failed to acknowledge numerous cases he filed in the 1990s, one of which he litigated for three years. There are five dismissals which count as strikes. In two cases, they were dismissed for Plaintiff's failure to make full and complete disclosure of his litigation

history. Thus, Plaintiff should have been well aware of the need to make full, complete, and honest disclosures of his prior litigation when filing a civil case in federal court. It is difficult to believe Plaintiff could only recall one case as he indicated in the amended complaint. Thus, notwithstanding the fact that Plaintiff did not recall very old cases, Plaintiff failed to mention the more recently litigated case in the Middle District, from the spring of 2007.

Plaintiff was previously granted *in forma pauperis* in this case. Docs. 2, 4. That was in error. The order granting the *in forma pauperis* motion should be vacated and if Plaintiff seeks to refile this case, Plaintiff must pay the full amount of the filing fee at the time of case initiation and he must identify all the cases now brought to his attention. Plaintiff has paid only $4.00 as an initial partial filing fee. Doc. 6. I recommend that the fee be retained as a sanction for Plaintiff's failure to disclose the cases, but as the order is to be vacated, Plaintiff will no longer be responsible for further payments for this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that the order, doc. 4, which granted Plaintiff's *in forma pauperis* motion, doc. 2, be **VACATED**, that the previously submitted $4.00 filing fee be **RETAINED** as a sanction for Plaintiff's failure to make full and complete disclosure about his prior filings and having received at least three "strikes" under 28 U.S.C. § 1915(g), and this case be **DISMISSED** as an abuse of the judicial process for Plaintiff's failure to list all prior cases.

It is further **RECOMMENDED** that all pending motions be **DENIED** and the Clerk of Court be **DIRECTED** to enter on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 10, 2010.

      s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**